936 F.2d 574
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gregory P. MALLOCH, Care-A-Van, Inc., CAV Ambulance, Inc.,
Defendants-Appellants.
 No. 90-3458.
 United States Court of Appeals, Sixth Circuit.
 June 27, 1991.
 
 Before RYAN and ALAN E. NORRIS, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Gregory Malloch and his two wholly-owned companies, Care-A-Van, Inc. and CAV Ambulance, Inc., pled guilty to using the mails to defraud Medicare. The district court sentenced Malloch to 21 months imprisonment and ordered the three defendants together to make restitution of $200,000. Defendants appeal the sentence and restitution order. For the reasons that follow, WE AFFIRM.
 
 I. BACKGROUND
 
 2
 Defendant Malloch owned and operated Care-a-Van, an ambulette service which offered transportation for handicapped individuals for $25 per trip. This company also occasionally performed ambulance runs at the same cost. When Malloch decided to expand his ambulance service in 1985, he learned that Medicare would only reimburse Care-A-Van $25 per trip based on its billing history. Malloch then created a new company, CAV Ambulance, Inc., to answer the ambulance calls. This company could lawfully bill Medicare for higher amounts because it had no billing history. Soon after the company was started, Malloch began dispatching "ambulettes" through CAV but charging Medicare for ambulance runs. He directed some of his employees to assist him in the false billing and in altering the documentation to support the false charges.
 
 
 3
 Malloch and his three companies were indicted on 32 counts of mail fraud and aiding and abetting mail fraud. They pled guilty to 15 counts in exchange for dismissal of the remaining charges, government stipulation to acceptance of responsibility, and a recommendation that they be sentenced at the low end of the guideline range.
 
 II. DISCUSSION
 
 4
 The pre-sentence report recommended a four level increase to Malloch's offense level pursuant to Sentencing Guideline Sec. 3B1.1(a) because he was an organizer or leader of a criminal activity involving 5 or more participants. The district court adopted this recommendation. On appeal, Malloch concedes the participation of four persons: himself, two dispatchers and his billing secretary. However, he contends that two persons included by the district court, Kathleen Riedel, a clerical employee, and Catherine Fugate, a secretary, were aware of the fraudulent billings but did not take part in them. Therefore, because U.S.S.G. Sec. 3B1.1 application note 1 states that "participants" include only persons who are criminally responsible for the commission of the offense, he contends that there were only four participants, and consequently, the adjustment for being an organizer should only be two levels. U.S.S.G. Sec. 3B1.1(c).
 
 
 5
 This court will not reverse the factual finding of a district court unless the finding is clearly erroneous. Therefore, if there is evidence from which the district court could conclude that either Riedel or Fugate participated in the fraud, the district court's finding will not be disturbed. In this case, Riedel testified to the grand jury that Malloch had instructed her to bill Medicare for trips in categories that Medicare would potentially cover, such as hospital admissions and discharges, even if the patient did not qualify because he was in a wheelchair rather than on a stretcher. She also testified that at Malloch's instruction, she altered forms signed by doctors authorizing "Ambulance/Ambulette" service to eliminate the word "ambulette" before submitting the documentation for Medicare reimbursement. From this evidence, the district court could find that Riedel was a participant in the fraudulent billings. Accordingly, the court's finding that Malloch was the organizer or leader of a criminal activity involving five or more participants was not clearly erroneous.
 
 
 6
 Defendants also assert on appeal that there was insufficient record support for the restitution order, and that the result is a due process violation. The false billings took place over just under 12 quarters. A government audit of four quarters produced a "conservative estimate" of $92,879.21 in false Medicare charges. In the presentence report, the probation department multiplied the audit figure by 3 to obtain a loss estimate of $278,637.63. Defendants objected to the extrapolation, arguing that the rate of fraudulent charges during CAV's start up period, the period following the government seizure of the companies' records, and any slow business periods, would be lower than the rate during the quarters audited, and this would not be reflected by simple extrapolation. In response, the U.S. Attorney suggested that the restitution figure be reduced to $200,000, and the district court agreed.
 
 
 7
 Defendants assert on appeal that the restitution figure is not supported by the evidence. We disagree. A restitution order may not exceed the amount of actual loss to the victim, and the government must prove this amount by a preponderance of the evidence. However, a comprehensive audit of all claims submitted during the three years that CAV was in business would have been unduly time-consuming and was not required in order to satisfy the government's burden of proof. Defendants did not object to the audit methods used or to the audit results. While a pure extrapolation to the unaudited quarters may not have been appropriate without evidence that the rate of fraudulent billings during this period was at least as great as in the audited quarters, the figure selected by the court is, in all likelihood, conservative. The auditors began with the fourth quarter of 1986 and audited every other quarter until the indictments were issued. Eliminating the period after the search warrant was executed and during the initial five months of operations, extrapolation yields a result of over $207,000. Consequently, the court did not abuse its discretion in finding that during the full period, the loss was more likely than not at least $200,000.
 
 
 8
 The defendants also argue that the restitution figure should have been reduced for the value of the ambulette services actually provided, which they could have properly billed Medicaid. However, the defendants did not offer any proof of the amount which could have lawfully been billed to Medicaid. Moreover, we are aware of no authority for reducing the restitution due to one victim merely because another party could lawfully have been charged a portion of the fraudulently procured amount. Accordingly, we reject the defendants' argument.
 
 
 9
 Finally, defendant Malloch asserts that the district court abused its discretion in declining to depart from the Guidelines based on the hardship that his imprisonment would cause his family and employees. However, we do not consider this argument because a district court's refusal to depart from the Guidelines is not reviewable on appeal. United States v. Draper, 888 F.2d 1100, 1105 (6th Cir.1989).
 
 III. CONCLUSION
 
 10
 For the reasons stated above, we AFFIRM the sentence and restitution order of the district court.